Joseph S. Mattina, J.
Defendants move for an order dismissing the above indictments upon the ground that the evidence presented before the Grand Jury, which formed the basis for the indictments was insufficient.
The defendants were indicted on two counts of having violated section 195.00 of the Penal Law. They were arraigned on September 9,1969 and each respectively entered a plea of not guilty to both counts of the indictment. On November 24, 1969 the. defendants moved for leave to withdraw their former pleas of not guilty and to interpose a demurrer to said indictments on the ground that the facts therein did not constitute a.crime. That motion was denied by the Hon. Frank B. Bayger of this court on November 28, 1969. Defendants also moved by order to show cause for leave to inspect the Grand Jury minutes which order was granted on the same date.
The defendants, City of Lackawanna police officers, allegedly knowingly participated in illegal card games within the limits of the City of Lackawanna and failed in the performance of their duty to make proper arrests. It appears that the illegality of the games as well as the participation of the defendants is not in issue nor is the neglect or failure to make a lawful arrest.
The sole issue on this motion is whether or not the conduct of the defendants herein was such as intended to be encompassed in the stated crime as defined by section 195.00 of the Penal Law.
The court has carefully and closely scrutinized the testimony taken before the Grand Jury.
It appears that the defendants participated in the games on more than one occasion. That 15% of each pot was taken for the benefit of the organizers of the game. It also appears that the defendant Janowski on one occasion won approximately $80.
Under former Penal Law section 1857, a willful omission by a public officer to perform a lawful duty was made a misdemeanor. It was not necessary that the particular conduct or that the act of the public officer be corrupt. That section did uot apply to cases otherwise provided by statute. Former section 1841 covered willful neglect of duty and also did not apply to cases otherwise provided by statute.
Section 195.00 of the revised Penal Law covers more than the traditional crimes of bribery and of taking unlawful fees or of abuse of official authority but also deals with broader malfeasance and nonfeasance by a public servant as well.
*289 The requisite elements of the crime are either intent to obtain benefit, intent to injure another or intent to deprive another of a benefit and also by definition includes intent to obtain a gain or advantage to a third person pursuant to the desire or consent of the beneficiary.
Section 195.00 as such is more restrictive or narrower in application or scope than the aforesaid former Penal Law sections inasmuch as within its definition there must be that evidence of conduct which is deemed or may be classified as “corrupt”. However, unlike former Penal Law sections 1841 and 1857 there is no restriction with respect to its application where perhaps the conduct may amount to another crime or “otherwise provided by statute ”.
Hence, if the requisite elements of section 195.00 of the Penal Law are present the indictment must stand.
In reading the Grand Jury testimony nonfeasance is clearly evident as far as upholding the indictment is concerned. The conduct consisting of participation in the games and nonarrest is not void of a semblance of “ corruption ” and wrong-doing. The conduct certainly does not amount to innocent or abstract nonfeasance. In participating in the illegal games there is only one inference that can be drawn and that is that the defendants hoped to gain or benefit. Certainly the organizers of the games benefited. There can be no dispute that someone would benefit and others would be deprived of a benefit.
Defendants’ office or position was apparently known to the organizers of the illegal gambling game as well as the other participants and hence an atmosphere of security was given to them. This is so by virtue of the office and position of the defendants coupled with their participation. The defendants in turn were permitted to participate. It cannot be said that the participation by police officers did not in a small degree encourage and influence the continuation of the illegal conduct of the organizers of the games.
The term benefit is defined in subdivision 17 of section 10.00 of the Penal Law to mean ‘ ‘ any gain or advantage to the beneficiary and includes any gain or advantage to a third person pursuant to the desire or consent of the beneficiary”. (Italics supplied.)
Defendants are charged with misuse of their office in failing to act which in turn coupled with participation perpetuated and protected the illegal conduct by giving comfort to those involved.
The application of this section of the Penal Law as it pertains to this particular fact situation cannot be deemed as an obstacle *290 which would hinder law enforcement to wit: the performance of preliminary investigation and the marshalling of evidence prior to making an arrest, as such intent is easily explainable and ascertainable. There is no valid argument that there are or may be other sanctions which also cover this type of conduct as the Legislature did not so limit this section of the Penal Law so as to subrogate it. Defendants ’ motions are denied.